————————o-●-●————————

BECKWITH *vs.* J. and E. GRISWOLD.

Every continuance of a nuisance is a fresh nuisance, and entitles the party injured to sue for damages.

A recovery, in an action for changing the channel of a creek and diverting the water thereof by means of obstructions, so as to flow the plaintiff's lands, is no bar to a subsequent suit to recover damages for a similar injury, sustained since the commencement of the former suit. And this, although the complaint in the second suit does not refer to the former suit, or claim damages for *continuing* the obstruction or nuisance.

The recovery in the second suit will be limited to the damages sustained by the plaintiff since the commencement of the former suit; and the complaint, if defective, may be amended on the trial.

ON the 11th day of April, 1850, the plaintiff commenced an action, in this court, against the defendants, for changing the channel of Seely creek, and diverting the water thereof, by means of obstructions placed therein by the defendants, from its natural channel, in Southport, in the county of Chemung, so that the water of said creek, when high, flowed lands of the plaintiff in that town, and greatly injured them. That action was tried at the Chemung circuit in September, 1850, when the plaintiff obtained a verdict for $190 damages; on which verdict judgment was rendered in his favor, against the defendants, with costs.

On the 28th day of July, 1852, the plaintiff commenced this action; in which he complained that the defendants, by labor performed by them and their servants, at various times within ten years before that time, so changed the channel of

Beckwith *v.* Griswold.

Seely creek, in the said town of Southport, and so diverted the water of said creek from its natural channel, that the water of said creek, when high, did then flow, and had for a long time flowed, lands of the plaintiff situated in said town, and that such flowing had greatly injured them.

The defendants answered the complaint in this action; first, by denying the allegations therein contained; and secondly, by setting up the recovery and judgment in said first mentioned action as a bar to the cause or causes of action set out in said complaint.

This action was tried at the Chemung circuit in September, 1855, before Mr. Justice SHANKLAND, without a jury. It was shown that the changes made in the channel of the creek, or obstructions placed therein by the defendants, which caused the injury to the plaintiff's lands, for which he recovered in the first mentioned action in 1850, were the same that caused the injury to his lands after that action was commenced, and of which he complained in this action; and that each action was brought for injuring the same lands.

The defendants' counsel insisted, upon the trial, that the recovery and judgment in the first action were a bar to this action, because this action, "as set out in plaintiff's complaint, was for the erection of obstructions, or a nuisance, in Seely creek, and not for the continuation of such obstruction or nuisance." He also insisted that the plaintiff was seeking to recover damages a second time for the same cause of action. And he moved for a nonsuit, which the judge refused to grant.

The judge decided that the plaintiff could not recover in this action, any damages which he sustained prior to the commencement of the first action; but that he could recover in this action for all damages he sustained after the first action was commenced, down to the time this one was commenced, and he assessed such damages at $100. He held that the variance between the allegations of the complaint and the proofs, was immaterial; and directed that the complaint be

Beckwith *v.* Griswold.

amended, so as to charge the maintenance and continuance by the defendants of the obstructions, artificial channel and diversion of the water of the creek, from and after the commencement of the first action, and so as not to claim for damages sustained prior to that time.

The defendants' counsel took exceptions to such decisions.

Judgment was rendered upon the said findings of Justice SHANKLAND, against the defendants, for $100 damages, besides costs ; and they appealed from such judgment to the general term of the court.

*S. G. Hathaway, Jr.,* for the plaintiff.

*George Sidney Camp,* for the defendants.

*By the Court,* BALCOM, J. The defendants' counsel claims that the allegations of the cause of action in the complaint were unproved in their entire scope and meaning, and that there was a failure of proof, which entitled the defendants to a nonsuit, by virtue of section 171 of the code. This is not so. The complaint not only states facts sufficient to constitute the cause of action for which the plaintiff recovered in this case, but also enough to constitute the cause of action for which he recovered in the first suit he brought against the defendants.

The plaintiff recovered damages in the first suit for erecting and continuing the obstructions in the channel of the creek, by the defendants, to the time he commenced that suit ; and he has only recovered damages in this action for continuing such obstructions from the time the first suit was commenced to the time of the commencement of this one.

It would certainly have been more lawyer-like if the plaintiff's attorney had alleged, in the complaint in this action, the bringing of the first suit and the recovery therein, and the wrongful continuance of the obstructions in the channel of the creek thereafter, by the defendants, and only claimed

damages for such continuance. (*See Yates' Pl.* 521 ; 2 *Chit. Pl.* 333.) But that was not absolutely necessary to the maintenance of this action ; for the reason that the complaint, as framed, embraces the cause of action for continuing the obstructions after the commencement of the first suit. (*See Colvin* v. *Burnet,* 2 *Hill,* 620.)

It is well settled that every continuance of a nuisance is a fresh one. (3 *Black. Com.* 220. *Brady* v. *Weeks,* 3 *Barb. S. C. R.* 157. *Vedder* v. *Vedder,* 1 *Denio,* 257. *Staple* v. *Spring,* 10 *Mass. Rep.* 74. *Fish* v. *Dodge,* 4 *Denio,* 317. *Brown* v. *The Cayuga and Susq. R. R. Co.,* 2 *Kernan,* 492.) And I think the continuance of the obstructions in the channel of the creek, by the defendants, after the commencement of the first suit, should be deemed fresh ones ; and that such continuance of those obstructions entitled the plaintiff to bring this action. In this view of the case the first suit was not a bar to this action, as it was limited at the trial.

The obstructions, of which the plaintiff complained in each action, were upon the defendants' land, where they could have removed them ; hence the plaintiff was not entitled to recover, in the first suit, any damages occasioned by the obstructions after he commenced it. (1 *Denio,* 257. *Blunt* v. *McCormick,* 3 *id.* 283.)

I will not say, if the plaintiff had claimed exemplary damages in this action, as it seems he might, (*see* 3 *Black. Com.* 220,) but that it would have been necessary for him to set out in his complaint the first recovery, and allege a wrongful continuance of the obstructions, to have enabled him to recover such damages. But it is unnecessary to pass upon that question ; because he has recovered only actual damages.

The case of *Wilbur* v. *Brown,* (3 *Denio,* 356,) is unlike this. If the recovery in that case had been permitted to stand on the declaration as it was framed, it would have conferred greater rights upon the plaintiff than he had. In other words, it would have estopped the defendant from setting up rights in a future litigation, which he confessedly possessed.

In this case the form of the complaint has not prejudiced the defendants in the least. They have had all the benefit of the former suit to which they were entitled ; and the form of the complaint in this action cannot possibly ever harm them in any future litigation, where the recovery herein shall be brought in question.

But if it be conceded that the complaint, as drawn, was defective, I am of the opinion it was the duty of the judge at the trial to direct that it be amended. Its amendment, if necessary to the maintenance of the action, was clearly " in furtherance of justice," and therefore proper. (*See Code,* §§ 173, 176 ; *Dauchy* v. *Tyler,* 15 *How.* 399 ; *Wood* v. *Wood,* 26 *Barb.* 359 ; 4 *Kernan,* 251 ; *Id.* 506 ; 2 *Smith,* 250 ; 3 *id.* 224.)

The judgment in this action should be affirmed, with costs.

Decision accordingly.

