## THE CONHOCTON STONE COMPANY *vs.* THE BUFFALO, NEW YORK AND ERIE RAILROAD COMPANY.

Every continuance of a nuisance is, in judgment of law, a fresh nuisance. An action can be maintained against the party continuing the nuisance; whether he be the original wrongdoer, or his alienee.

Although a corporation erecting or continuing a nuisance, had leased the premises on which the same was erected, to another, and given possession, prior to the happening of the injury complained of, it is liable for the damages sustained.

Conhocton Stone Co. *v.* Buffalo, New York and Erie Railroad Co.

An action for damages will lie against the continuer of a nuisance, without averring or proving a previous notice to him, of the existence and extent of the nuisance, and a request to abate and remove it.

A different rule prevails, however, in respect to the right of the party injured to abate, by his own hand, a nuisance erected on the land of another. As such right involves the privilege of entering upon the lands of another, if such lands are in the possession of an alienee of the wrongdoer, a request must first be made of such alienee, to abate the nuisance, before an entry can be made by another to do it.

THIS is an action on the case, to recover damages for injuries to the plaintiffs' road bed, caused by the same being washed and flooded, in the years 1864 and 1865. The complaint alleged that the embankment and bridge built and constructed for the defendants' railway, at and over Mead's creek, in the town of Irwin, Steuben county, dammed the stream so as to produce the flood and injury, and contained all the necessary averments to make out a cause of action. On the question of damages, the proofs fully sustained the recovery.

It appears from the evidence, that the embankment and bridge were constructed by the Buffalo and Conhocton Valley Railroad Company. That the name of this company was in 1852, by an act of the legislature, changed to that of the Buffalo, Corning and New York Railroad Company. That the defendants were created a corporation in 1857, and that year, on a foreclosure sale, bought the railroad and franchises of the said last named company, and have owned the same ever since. In 1863, the defendants leased its road to the Erie Railway Company, for the term of four hundred and ninety years, including all its equipment and rolling stock. The lease provides for the payment of annual rent by the lessees, the right of re-entry is reserved to the defendants, and the lease has stipulations in regard to repairs to be made on the road. The road has been constantly used and operated since its completion.

The defendants moved for a nonsuit on the following grounds:

1st. That by the evidence already adduced, the plaintiffs had failed to prove that the defendants erected the embankment and bridge, or either of them, as alleged in the complaint.

2d. That the nuisance, if any, had not been erected by the defendants, but merely continued by them as they found it, and therefore the plaintiffs must allege and prove notice to the defendants of the existence of such nuisance, the extent of it, and a request to abate or remove it, before the action could be brought.

3d. That the defendants did not continue the nuisance after May 1, 1863, it having leased its road and surrendered possession thereof to the Erie Railway Company on that day, and has had no control of the road or any part thereof, since that time, and therefore no power to abate or remove this nuisance.

The court denied the motion for a nonsuit, and the defendants duly excepted.

The motion for a new trial was directed to be heard at a general term in the first instance, and is certified to this court by the general term of the seventh district.

*A. P. Laning*, for the appellants.

*Bowen & Graves*, for the respondents.

*By the Court*, BARKER, J. Upon the motion for a nonsuit, the defendants contended that as it appeared that the bridge and embankment which constituted the nuisance complained of, were not erected by it, but by the party from and through which it acquired title and received possession, it was not liable.

Every continuance of a nuisance is, in judgment of law, a fresh nuisance. (3 *Black. Com.* 220. *Vedder* v. *Vedder,* 1 *Denio,* 257, 261. *Brown* v. *The Cayuga and Susquehanna R. R. Co.*, 12 *N. Y. Rep.* 486.) An action can be maintained

against the party continuing the nuisance; whether he be the original wrongdoer, or his alienee. (*Brown* v. *The Cayuga and Susquehanna R. R. Co., supra. Waggoner* v. *Jermaine,* 3 *Denio,* 306.) The defendant also urged the proposition that having leased the property on which the nuisance was erected, and given possession, prior to the happening of the injuries complained of, it is not liable for the same. The cases last cited hold directly to the contrary.

The remaining proposition to be examined, is the second point made by the defendants on the application for a non-suit, and is stated by the counsel as follows: " That the nuisance had not been erected by the defendants, but merely continued by them, as they found it, and therefore the plaintiffs must allege and prove notice to the defendants of the existence of such nuisance, the extent of it, and request them to abate and remove it, before the action could be maintained."

I have been unable to find any authority, binding on this court, which sustains the proposition, and I think all the analogies of the law applicable to the case are against it. The right of action is given to indemnify the party injured, and is founded on the wrong of the party maintaining the nuisance. If the continuance be a fresh nuisance, then it is a wrongful act, done and committed, distinct and independent of the first and original wrongful acts creating the nuisance. The person injured has a right of action for each day the nuisance is maintained, and a recovery had against the party creating the same, is only a bar to the day the action was commenced. (*Vedder* v. *Vedder,* 1 *Denio,* 257.) Again; the party suffering from the injuries cannot be thus deprived of his right of action, by the act of the person doing the wrong, in alienating the premises to a person of his own selection. If a request to abate be necessary before the action can be brought against an alienee, then all the damages between the convey-

ance and demand are lost. The party injured may be ignorant of the change of title, and in many cases it would be difficult to make the demand, and doubtful upon whom it should be made. The remedies of the wronged and innocent should not be lost or embarrassed by any such rule. Requiring a demand, before an action on the case can be maintained, implies that an assent has been given in some manner to the maintenance of the nuisance by those who are suffering from its continuance; certainly none ought to be inferred.

At common law, the private remedies, in cases of nuisance, were three: 1. By action on the case for damages, in which the party injured recovered satisfaction for the injury sustained. 2. The assise of nuisance, in which preceding damages were awarded and the nuisance abated. 3. The writ *quod permittat prosternere*, which commanded the defendant to *permit* the plaintiff to remove the nuisance, and unless he so permitted, to show cause in court, why he would not.

The writ of nuisance only lay against the very wrongdoer himself, who levied or did the nuisance; and did not lie against any person to whom he had alienated the tenements, wherever the nuisance was situated. By an English statute, and by our statute, it can be brought against the original wrongdoer and his immediate alienee, and no other person. (3 *Black. Com.* 220. *Brown* v. *Woodworth,* 5 *Barb.* 550. 2 *R. S.* 427, § 1. *Code,* § 453.) The defendant being the immediate alienee of the party who created the nuisance, an action, in the nature of an assise of nuisance, could be prosecuted against it, and an abatement secured and damages recovered. No one claims that a request to discontinue the nuisance is necessary before these proceedings can be initiated. Why should one be necessary, when proceeding against the same person, in an action claiming damages only.

The party aggrieved by the nuisance has the right by

his own hand to demolish it. To effect this he can enter the close of the wrongdoer. If the premises on which the nuisance is constructed are in the possession of the alienee of the wrongdoer, a request must first be made of him to abate the nuisance, before an entry can be made by another to do it. (*Washburn on Easements*, 586, 590.)

This right to abate a nuisance by the injured party involves the privilege of entering upon the lands of another, and there seems to be a great propriety in requesting the owner to destroy that which is complained of, before the other party may do it himself.

In *Brown* v. *The Cayuga and Susquehanna Railroad Co.*, Judge Denio, in his opinion, said that an action on the case could be maintained against a party for continuing a nuisance, without first requesting him to abate it. But as a decision upon the proposition was not necessary, in disposing of the case, the court withheld its opinion upon the proposition.

In *Hubbard* v. *Russell*, (24 *Barb.* 404,) Judge STRONG inclined to the opinion that a request was necessary. The judge at circuit had granted a nonsuit, for the want of a request to abate the nuisance, it being an action for damages against an alienee of the wrongdoer. At general term, it was held that the evidence tended to show notice, and the nonsuit was set aside. These are the only cases in this state, that I have discovered, where the precise question has been discussed. They were disposed of on other questions therein, so that neither is an authority upon the point involved.

The evidence in the case shows that prior to the years 1864 and 1865, the superintendent of the defendants' road, Mr. Fisk, had notice from Charles Cooper, of the nature of the nuisance and its effect, and was asked to open the channel, and he said he would do it. It does not appear that Cooper was an agent of the plaintiffs, or interested in the company, but it does appear that his property lies adjacent

to the plaintiffs' and exposed to like damages, in case of floods, and if a notice is required, I should be inclined to think this sufficient.

The motion for a new trial should be denied, with costs.

[ERIE GENERAL TERM, September 7, 1868. *Daniels, Marvin, Davis* and *Barker,* Justices.]