### BARRICK *et al. v.* SCHIFFERDICKER.

*(Supreme Court, General Term, Third Department.  May, 1883.)*

1. DAMAGES—ACCRUAL AFTER ACTION BROUGHT—ALLOWANCE IN EQUITABLE ACTION—DENIAL OF INJUNCTION..
    In an equitable action to restrain the continuance of a nuisance, and also for damages, where the injunction is denied, but continuing damages are shown, plaintiffs are not limited to a recovery of the damages sustained up to the time of the commencement of the action, but they may recover the full amount up to the time of trial, as a court of equity will award all the relief that the nature of the case demands.[1]

2. NUISANCE—ABATEMENT—INJURIES CAUSED BY LAWFUL BUSINESS.
    It is no defense to an action to abate a nuisance that the nuisance complained of was a business lawful in itself, and carried on by defendant with all proper care, where it appears that plaintiffs must necessarily sustain injury therefrom.

Appeal from circuit court, Albany county.

The complaint of Caroline and Mary Barrick charged that the defendant, Anna Schifferdicker, created and maintained a nuisance by the erection of an ice-house, and the storage of ice therein, upon her lot, one side of the ice-house being within two inches of the brick dwelling-house and store of the plaintiffs; that the ice injured the walls of their house, rendered it uncom-

---

[1] Respecting the rule as to damages in an action at law, see Sloggy v. Dilworth, (Minn.) 36 N. W. Rep. 451, and note.

fortable and of less marketable value. Plaintiffs were given a general verdict for damages, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

N. C. Moak, for appellant.    H. S. McCall, for respondents.

LANDON, J.   This action is to restrain the continuance of a nuisance, and also to recover the damages caused by it.   It is properly triable before a jury. Their verdict determines whether the nuisance exists, and, if so, the amount of damages the plaintiffs have sustained from it.   This appears to be a constitutional right of the parties.   Hudson v. Caryl, 44 N. Y. 553.   Whether an injunction should be granted is a question for the court.   But, the right of trial by jury being constitutional, the court must, unless it sets the verdict aside and orders a new trial, adopt the facts found by the jury.   The practice in this case was substantially right, but as the court refused to award an injunction, and the plaintiffs do not appeal, the question upon the defendant's appeal is, simply, whether any error has been committed to the prejudice of the defendant in the trial of the case upon the question of damages.

The plaintiff was allowed to recover damages down to the time of the trial. If the action had been simply an action at law for damages, this would have been error, (Uline v. Railroad Co., 101 N. Y. 109, 116, 4 N. E. Rep. 536;) but as the action was for relief, both in law and equity, it was proper for the court to allow a recovery for damages down to the day of the trial, because, when a court of equity once has jurisdiction of a case, it awards all the relief the nature of the case demands, (Church v. Church, 73 N. Y. 95.)   It is distinctly held in Henderson v. Railroad Co., 78 N. Y. 423, that in an equitable action brought to restrain a continuing trespass, and for damages, and in which the injunction was denied, full damages might be given, not only to the day of trial, but once for all; that such full relief is incident to jurisdiction in equity.   In the Uline Case, Judge EARL, who dissented in the Henderson Case, is very careful, in writing the opinion of the court, to distinguish between the damages recoverable in such cases when they are brought at law and when they are brought in equity; and he says that the rule announced in the Henderson Case is not in conflict with the rule announced in the Uline Case.   The propriety of the rule is illustrated by this case.   The trial judge, after the verdict, was asked to award an injunction.   He refused, in the exercise of his discretion, and assigned as a reason that the verdict seemed to him to be adequate to compensate the plaintiffs for the damages they had sustained, and, in view of the situation of the two properties, the plaintiffs ought to be left to their remedy in damages.   Now, it was competent for the trial court—was its duty—to give full relief, and because the damages were given down to the trial the court regarded them as full relief. Clearly, if the damages had only been given to the commencement of the action, eight years before the trial, the court of equity, whose jurisdiction it is to do the justice in one action which in law can only be done in a multiplicity of actions, would have fallen short of the full measure of its duty.

The evidence tended to show that the rental value of the first floor of the plaintiffs' house had been impaired by the nuisance.   The measure of damage for this loss was the difference in the rental value free from the effects of the nuisance, and with it during the period of its continuance.   Francis v. Schoellkopf, 53 N. Y. 152.   Permanent injury was done to the wall of plaintiffs' house by the nuisance.   The market value of the house was depreciated. The plaintiffs were also entitled to recover the difference in the market value of the house free from the permanent injuries caused by the nuisance and with them.   The appellant does not complain of this rule, but claims that she is only liable for the damages, both in depreciation of rent and in market value of the property, from the time she had notice of the alleged injury until the commencement of the action.   No point was made upon the trial respecting

notice, and we do not find in the case any evidence respecting it. As the case does not state that all the evidence was returned, we may well presume that the portion relating to a point not made on the trial is not returned. With reference to the depreciation in value to the plaintiffs' house caused by permanent injuries, since damages are recoverable down to the day of the trial, the measure of damages is the difference on that day between the market value of the property with the injuries and what it would have been on the same day free from the injuries. Of course some latitude with respect to the periods of time to which witnesses may testify may be given; not by way of modification of the rule, but because approximate, and not exact, accuracy in evidence is usually the best obtainable. Error is alleged in the reception of testimony as to the value of the house 29 years ago, when the plaintiffs first purchased it. The cross-examination so explained this testimony that it is impossible to believe that any injury was caused by it. A witness testified upon his direct examination that the damages caused by the dampness were $600, but on his cross-examination he explained that he meant that to make the necessary repairs and erections to overcome and exclude the dampness would cost that sum. The error was cured. We do not discover that the plaintiffs were permitted to include in the recovery any damages for the probable continuance of the nuisance. One side of defendant's ice-house was within two inches of the plaintiffs' house. The jury have found upon evidence sufficient to justify their verdict that the plaintiffs' house was seriously and substantially injured by the ice stored in defendant's ice-house, and that the enjoyment by the plaintiffs of their house was made inconvenient and uncomfortable; in brief, that the use to which the defendant put her property was a nuisance as to the plaintiffs. It is no excuse that the defendant's business is lawful, and carried on with all possible care. The difficulty is that the locality and nature of her business are such that she cannot be truly said to carry it on wholly upon her own premises; she either permits its injurious incidents and consequences to invade the plaintiffs' property, or cannot prevent them. She is liable for this injury. *Fish* v. *Dodge*, 4 Denio, 311; *Catlin* v. *Valentine*, 9 Paige, 575; *Brady* v. *Weeks*, 3 Barb. 157; *Church* v. *Railroad Co.*, 5 Barb. 79; *McKeon* v *See*, 4 Rob. (N. Y.) 449; *Campbell* v. *Seaman*, 63 N. Y. 568; *Beir* v. *Cooke*, 37 Hun, 38. The precise manner in which the proximity of the ice set natural forces in operation to injure the plaintiffs' property may not have been clearly presented or understood, but enough was presented to justify the jury in attributing the injurious effects to the plaintiffs' property to the injurious causes set in operation by the defendant's business.

We think the judgment should be affirmed, with costs.

LEARNED, P. J. The Code, § 3339, says that there is only one form of civil action; that the distinction between actions at law and suits in equity has been abolished. Section 1207 says that where there is an answer the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue. Section 968 says that an action "for a nuisance" must be tried by a jury. Under these sections I do not see how a distinction as to the rule of damages can be made in two cases, based on the same facts, merely because in one the complaint demands an injunction and in the other it does not. The relief demanded does not necessarily characterize the action. *Hale* v. *Bank*, 49 N. Y. 626; *Williams* v. *Slote*, 70 N. Y. 601. In this present case the plaintiffs might have had an injunction, if the court in its discretion had granted it, and that, too, under section 1207, whether it had been demanded or not in the complaint. Still I understand the *Henderson* and *Uline Cases* to say that, notwithstanding section 3339, a distinction does prevail between "equitable suits" and "actions at law," not merely as descriptive of two classes of rights, but as con-

trolling the damages which may be given. The court of appeals says that there is nothing inconsistent between those two decisions; and, as they say so, I concur in the foregoing opinion.