VAN FLEET *v.* NEW YORK, C. & H. R. R. Co.

(*Superior Court of Buffalo, General Term.* November 19, 1889.)

1. DAMAGE—PROXIMATE CAUSE—INFLAMMABLE STRUCTURE.

　　Defendant erected a shanty, of pine boards, close to plaintiff's building; the intervening space being insufficient to allow a person to pass through. The shanty contained a small iron stove, in which was burned soft coal; and oil cans, waste, and oil lamps were kept in the shanty. The shanty caught fire and burned; the flames being communicated to plaintiff's premises, which were damaged. There was no direct evidence as to the origin of the fire. *Held*, that the burning shanty was the direct and proximate cause of the damage to plaintiff's premises.

2. NUISANCE—INFLAMMABLE STRUCTURE—NEGLIGENCE.

　　While the erection of the shanty and its proper use would be legal, the character of its construction and manner of use presented a question for the jury, to say whether or not such acts were done in such careless and improper manner as to render defendant liable for creating and maintaining a nuisance; and the jury were justified in finding that defendant was liable.

Appeal from trial tern.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*White & Simons*, for plaintiff. *Charles A. Pooley*, for defendant.

HATCH, J. The complaint in this action alleges that the defendant negligently, carelessly, wrongfully, and unlawfully erected, maintained, and used upon its premises a wooden house or shanty, in an unsafe, imperfect, and dangerous condition; and that by reason thereof the same was destroyed by fire, which communicated to the property of plaintiff and inflicted damage. The action, therefore, in its nature, is for damages for the creation and maintenance of a nuisance. It appeared upon the trial that the building and

premises of which plaintiff is lessor joined lands owned by defendant, upon which land defendant had erected a flag shanty, in such close proximity to plaintiff's building that the intervening space was insufficient for a person to pass through. The shanty was constructed of pine boards, was about eight feet square and eight feet high. It was furnished with a small iron stove, with cover on top; an iron pipe from which ran through the roof. The shanty caught fire and burned down at about 6:30 A. M. of December 25, 1888, inflicting the damage sued for. Plaintiff's lessor testified that he had seen the shanty before the burning, described the stove, and further said that "there was a bench around this shanty. There was also oil cans, waste, and oil lamps." It further appeared that soft coal was burned in the stove. There was no direct evidence as to the origin of the fire. Defendant offered no evidence. The jury rendered a verdict for plaintiff. Defendant now insists that plaintiff should have been nonsuited.

"Any unwarrantable, unreasonable, or unlawful use by a person of his own property, real or personal, to the injury of another, * * * renders the owner or possessor liable for all damages arising from such use." *Heeg* v. *Licht,* 80 N. Y. 582. As stated by BRONSON, C. J., in *Vandenburgh* v. *Truax,* 4 Denio, 464: "It may be laid down as a general rule that when one does an illegal or mischievous act, which is likely to prove injurious to others, and when he does a legal act in such a careless and improper manner that injury to third persons may probably ensue, he is answerable, in some form of action, for all the consequences which may directly and naturally result from his conduct. * * * It is not necessary that he should intend to do the particular injury which follows; nor, indeed, any injury at all." Id. 465, 466. In *Campbell* v. *Seaman,* 63 N. Y. 577, Judge EARL enunciates a like doctrine, and holds that what is reasonable use must depend upon the circumstances of each case. Applying the rule of law thus laid down to the facts in this case, we find that the defendant constructed a small building of inflammable material, with a stovepipe running through the roof, and inside of which it kept highly combustible substances, which would ignite at once, upon coming in contact with flame, and which has been found to possess the qualities of spontaneous combustion. The character of such inflammable substances is presumed to be known by persons of mature years and ordinary intelligence. *Lanigan* v. *Gas-Light Co.,* 71 N. Y. 29. While the erection of a shanty, and its proper use, would be undoubtedly legal, yet, the character of its construction and manner of its use, together with the surrounding circumstances, we think, presented a question for the jury, to say whether or not such acts were done in such a careless and improper manner as to produce the result found here. It being therefore a question for the jury, their verdict furnishes everything essential to sustain the judgment. *Barrick* v. *Schifferdecker,* 48 Hun, 355, 1 N. Y. Supp. 21. It is suggested that the testimony of the owner that waste and oil were kept in the shanty was not sufficiently definite, as it very well might have related to a long time prior thereto, and not at the time of the occurrence of the fire. We think otherwise; that the jury were warranted in drawing the inference that such a condition as described by the witness existed at all times, and so existed at the time of the fire, and was the cause of it. If it were otherwise, the defendant could easily have shown it by the flagman, who was in its employ, and who was present at the trial. The omission to do so was a circumstance which the jury were entitled to consider. *Bleecker* v. *Johnston,* 69 N. Y. 309; *Schwier* v. *Railroad Co.,* 90 N. Y. 558–564; *Bruce* v. *Kelly,* 39 N. Y. Super. Ct. 27.

The defendant also insists that no action will lie for the damages here sustained in any event. In support of this claim it relies upon *Ryan* v. *Railroad Co.,* 35 N. Y. 210. There the defendant had negligently fired a woodshed upon its premises, and the fire communicated to plaintiff's property, 130 feet away. The court held the damage too remote. It, however, admits lia-

bility when the damage is the proximate result of the act; and that such proximate result would·exist when the damage occasioned was the ordinary and natural result of the fire.    In the present case it needs but a statement to show that this case is easily distinguishable.    The shanty was immediately adjoining the structure injured.    One could scarcely burn without the other being damaged to a greater or less extent.    It is therefore seen that the burning shanty was the direct and proximate cause of the damage complained of. In *Webb* v. *Railroad Co.*, 49 N. Y. 425, Judge FOLGER says: "It certainly is not a novel proposition that he who by his negligence or misadventure creates or suffers a fire upon his own premises, which, burning his property, spread thence onto the immediately adjacent premises of another, and there destroys the property of the latter, is liable to him in an action for the damage which he has suffered."    The same. principle is affirmed in *Lowery* v. *Railway Co.*, 99 N. Y. 158, 1 N. E. Rep. 608; *Briggs* v. *Railroad Co.*, 72 N. Y. 26.    These cases furnish ample authority upon which to sustain the judgment upon this point.    There being no other questions involved, the judgment is affirmed, with costs.    All concur.