FAGAN, RESPONDENT, *v.* SILVER, APPELLANT.

(No. 4,113.)

(Submitted March 1, 1920.  Decided March 22, 1920.)

[188 Pac. 900.]

*Nuisances — Injunction—Stone Quarries—Liability of Owner and Lessee—Independent Contractors.*

Nuisance—Stone Quarry Within City Limits.
  1.  Where, in an action to enjoin the operation of a rock quarry and rock-crusher in the residential part of the city, the evidence showed that in spite of precaution taken in their operation rocks escaped and were thrown against plaintiff's house and the concussion from blasting was so violent as to shake the house, and dust from the crusher and elevator entered the house in such quantities as to render it unfit for habitation, the maintenance of a nuisance was established.
Same—Liability of Lessor and Lessee.
  2.  One who erects a nuisance on his premises cannot escape liability by leasing them, his liability extending to the continuance of the nuisance after the lease goes into effect; the lessee also being liable if he continues the nuisance after notice of its existence and notice to abate it.
Same—Independent Contractor—Liability of Owner.
  3.  The owner of a stone quarry and crusher, constituting a nuisance, cannot escape liability for damage to adjoining property by contracting for their operation by an independent contractor, who was to deliver the crushed rock in bins, for the use and benefit of the owner, at a stipulated price per yard.

*Appeal from District Court, Silver Bow County in the Second Judicial District; George B. Winston, Judge for the Third District, presiding.*

ACTION by William F. Fagan against Joseph Silver and others.  From a judgment for plaintiff, and from order denying a new trial, defendant Silver appeals.  Affirmed.

*Mr. Francis A. Silver*, for Appellant, submitted a brief and argued the cause orally.

The contract in this case was to do a lawful thing, which, if done in a proper manner, would be reasonably safe for the

For authorities passing on the question of liability for injury to person or property from concussion caused by blasting, see notes in 12 L. R. A. (n. s.) 389; 27 L. R. A. (n. s.) 425; L. R. A. 1915E, 356.

The question of liability for injury for blasting when done by independent contractor is discussed in notes in 14 L. R. A. 830; 65 L. R. A. 753, 854.

owners of property in the neighborhood. If it was not so done, no liability attaches to appellant. (*Ferguson* v. *Hubbell*, 97 N. Y. 507, 49 Am. Rep. 544; *Wabash etc. Ry. Co.* v. *Farver*, 111 Ind. 195, 60 Am. Rep. 696, 12 N. E. 296; *Atlanta etc. R. Co.* v. *Kimberly*, 87 Ga. 161, 27 Am. St. Rep. 231, 13 S. E. 277; *Harrison* v. *Kiser*, 79 Ga. 588, 4 S. E. 320; *Cuff* v. *Newark etc. R. Co.*, 35 N. J. L. 17, 10 Am. Rep. 205; *Peachy* v. *Rowland*, 13 Com. B. 182; *Painter* v. *Pittsburgh*, 46 Pa. St. 213, 220; *Hilliard* v. *Richardson*, 3 Gray (Mass.), 349, 63 Am. Dec. 743; *Eaton* v. *European etc. Ry. Co.*, 59 Me. 520, 8 Am. Rep. 430; *Sweeny* v. *Murphy*, 32 La. Ann. 628; *Frassi* v. *McDonald*, 122 Cal. 400, 55 Pac. 139; *Moore* v. *Townsend*, 76 Minn. 64, 78 N. W. 880; *Skelton* v. *Fenton etc. Power Co.*, 100 Mich. 87, 58 N. W. 609; *Bailey* v. *Troy etc. R. Co.*, 57 Vt. 252, 52 Am. Rep. 129; 21 Am. & Eng. Ency. of Law, 717; Bishop on Noncontract Law, 606; Addison on Torts, 644.)

When property, not a nuisance when leased, becomes so only by the act of the tenant while in possession, the owner is not liable. (*Joyce* v. *Martin*, 15 R. I. 558, 10 Atl. 620; *Rankin* v. *Ingwersen*, 49 N. J. L. 481, 10 Atl. 545; *Jessen* v. *Sweigert*, 66 Cal. 182, 4 Pac. 1188; *Shindelbeck* v. *Moon*, 32 Ohio St. 264, 30 Am. Rep. 584; *Wolf* v. *Kilpatrick*, 101 N. Y. 146, 54 Am. Rep. 672, 4 N. E. 188; *Harris* v. *Cohen*, 50 Mich. 324, 15 N. W. 493; *City of St. Louis* v. *Kaime*, 2 Mo. App. 66; *Norton* v. *Wishall*, 26 Barb. (N. Y.) 618; Hay on Liability for Accidents, 66; Shearman & Redfield on Negligence, sec. 501.)

*Mr. L. J. Hamilton* and *Mr. John A. Shelton*, for Respondent, submitted a brief; *Mr. Shelton* argued the cause orally.

The plaintiff contends that under the evidence detailed the liability of Silver may be predicated on at least six different well-settled rules of law as follows: (1) Everyone who in any way contributes to the maintenance of a nuisance is liable; (2) One who creates an incipient nuisance is liable for its maintenance by another under contract with him to do so; (3) The landlord who receives rent knowing, or being in a position to

know with the exercise of reasonable care that a nuisance is being maintained on his premises, is liable; (4) One who leases property for a purpose which must prove injurious or offensive to others, under ordinary circumstances, is liable; (5) One who would otherwise be held to be an independent contractor is not such if he performs the work contracted to be done with means and instrumentalities furnished by the contractor; and (6) One who plans certain work, the doing of which according to the plan will likely create a nuisance, unless preventive measures are adopted, cannot escape liability merely by contracting with another to do such work according to such plan. (Sec. 832, Wood on Nuisances; Thompson on Negligence, secs. 623, 646; 29 Cyc. 1202; Jones on Landlord & Tenant, sec. 603; Joyce on Nuisances, sec. 473; *Anderson* v. *Dickie*, 26 How. Pr. (N. Y.) 105; *Robinson* v. *Smith*, 53 Hun, 638, 7 N. Y. Supp. 38; *Longley* v. *McGeoch*, 115 Md. 182, 80 Atl. 843.) The case of *Board of Chosen Freeholders* v. *Woodcliff Land Imp. Co.*, 74 N. J. L. 355, 65 Atl. 844, was a case of the same character as this one, and the landlord as well as the tenant was held liable, although the landlord did nothing whatever toward the actual maintenance of the nuisance.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This action was commenced against Silver and others to enjoin the operation of a stone quarry and rock-crusher in a residential portion of the city of Butte. The cause was tried to the court without a jury, and resulted in judgment for respondent and the issuance of a permanent injunction against Silver and one William Mackey; motion was made for a new trial and denied, and appeal taken by Silver alone from the judgment and from the order denying the motion for a new trial.

While there are a number of specifications of error, the whole question presented thereby is as to whether the evidence was sufficient to warrant the court's findings and injunction order as against this appellant. It is not contended that the evidence

was not sufficient as far as Mackey was concerned, but it is urged that, as the evidence establishes the existence of the relation of landlord and tenant between appellant and Mackey, or that Mackey was an independent contractor, appellant was improperly joined in the injunction order.

The undisputed testimony is that appellant was the sole owner [1] of the lots on which the quarry was situated, and of the crusher, elevator, bins and other machinery used, and that he placed the plant in position and condition to be operated, and thereupon turned it over to Mackey under an agreement whereby Mackey was to conduct all operations and deliver the crushed rock in the bins, for the use and benefit of appellant, at a stipulated price per yard. Appellant personally removed the crushed rock from the bins, and was therefore frequently in the vicinity of the plant while in operation, and had operated it himself some two or three years before, in approximately the same position and with like results. There is no evidence in the record as to any agreement, or as to the manner in which Mackey should conduct his operations, or as to what steps, if any, he was to take for the protection of adjoining property; however, the testimony on behalf of Silver and Mackey, jointly, tends to show that all precautions possible in the then condition of the plant were taken. Respondent's testimony shows that, in spite of such precautions, rocks did escape and were thrown against his house, the concussion from blasting was so violent as to shake the house, and that dust from the crusher and elevator entered in such quantities as to render it unfit for habitation. Such evidence clearly established the maintenance of a nuisance. (*Longtin* v. *Persell,* 30 Mont. 306, 104 Am. St. Rep. 723, 2 Ann. Cas. 198, 65 L. R. A. 655, 76 Pac. 699.)

If we consider the facts as applying to the relation of [2] landlord and tenant, appellant cannot escape liability, for the following rules would apply: "One who erects a nuisance on his premises cannot escape liability by leasing the same, and his liability extends to the continuance of the nuisance after the lease goes into effect." (29 Cyc. 1202; *Anderson* v. *Dickie,* 26

How. Pr. (N. Y.) 105; *Robinson* v. *Smith,* 53 Hun, 638, 7 N. Y.
Supp. 38; *McCarrier* v. *Hollister,* 15 S. D. 366, 91 Am. St. Rep.
695, 89 N. W. 862.)

"Where there has been a nuisance of continued existence upon
demised premises, the lessor and the lessee may both be liable
for the damages resulting therefrom—the lessee in the actual
occupation of the premises, if he continues the nuisance after
notice of its existence and request to abate it; and the lessor, if
he first created it, and then demised the premises with the nui-
sance upon them, and at the time of the damage resulting there-
from is receiving a benefit therefrom by way of rent or other-
wise." (Jones on Landlord & Tenant, sec. 603.)

On the other hand, if we take the view that Mackey was an
[3] independent contractor, it is equally true that appellant
cannot escape liability. While the case of *Holter Hardware Co.*
*v. Western Mortgage Co.,* 51 Mont. 94, L. R. A. 1915F, 835, 149
Pac. 489, was an action for damages, the principle involved is
the same, and the rule there laid down is controlling in this case.
There damages resulted from débris, which the contractor had
failed to remove, being carried by a high wind on to adjacent
property. The owner of the building from which the débris
came, sought to evade liability on the ground that the damage
was caused by the negligence of an independent contractor, and,
in disposing of the matter, this court said: "The contention that
Groseclose was solely responsible, upon the theory that he was
an independent contractor and created the condition which re-
sulted in the accident, is without merit for two reasons: In the
first place, the contract did not impose upon him the duty to re-
move the débris from the skylight, or to leave the building in a
safe condition. By not imposing this duty upon him, Klein-
schmidt, the manager, became responsible for the performance
of it. Negligence in this behalf was chargeable to him and the
corporation. In the second place, the corporation, the owner of
the property, in arranging to have repairs done upon it, the
installment of which would probably result in creating a condi-
tion dangerous to neighboring property owners, was under obli-

gation to provide that reasonable care should be taken to obviate the probable consequences. As was pointed out in *Railroad Co.* v. *Morey*, 47 Ohio St. 207, 7 L. R. A. 701, 24 N. E. 269, a proprietor's liability 'is based upon the principle that he cannot set in operation causes dangerous to the person or property of others, without taking reasonable precautions to anticipate, obviate, and prevent these probable consequences.' Under this rule, an employer may not divest himself of the primary duty he owes to other members of the community by contracting with others for the performance of work, the necessary or probable result of which is injury to third persons."

Appellant contends that finding No. 5 is erroneous, because based on evidence stricken from the record. While some such evidence was, as pointed out, stricken, the same testimony was permitted to go in without objection on another occasion.

We find no error in the record. The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Holloway, Hurly and Cooper concur.

