## Balkum v. Harper's Administrator.

*Bill in Equity for Injunction of Execution on Judgment at Law.*

*Violation of injunction, pending appeal.* — When an execution on a judgment at law has been enjoined, and the injunction, though dissolved by the chancellor, has been restored pending an appeal from his decree, the issue of another execution, before the appeal has been determined, is a violation of the injunction, and punishable as a contempt of the chancery court; or it may be made the basis of a supplemental bill.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed, as a supplemental bill, on the 12th February, 1873, by James W. Balkum, the appellant, against James A. Yonge, as the administrator *de bonis non* of the estate of John W. Harper, deceased; and sought to enjoin an execution on a judgment, which the administrator in chief of said Harper had recovered against said Balkum. The original bill was filed for the purpose of enjoining a former execution on said judgment, and was dismissed by the chancellor on final hearing; but an appeal was taken from his decree, and the injunction restored pending the appeal; and the appeal was still pending in this court when the second execution was sued out, and when the supplemental bill was filed. The chancellor dismissed the bill, for want of equity, and his decree is now assigned as error.

F. M. WOOD, with J. D. ROQUEMORE, for appellant.

W. C. OATES, *contra.*

B. F. SAFFOLD, J. — The appellant having obtained an injunction, restraining the appellee from enforcing an execution at law against his property, the chancellor dissolved it; whereupon he appealed to this court. During the pendency of the appeal, the appellee sued out another execution, in violation of the injunction, which had been restored for the purpose of the appeal. The appellant then filed the bill of this case, as a supplement, to enjoin the second execution. The court dismissed it, on demurrer, for want of equity, on the ground that the remedy followed the original cause, which was in the supreme court. From this decree of dismissal the appeal is taken.

The authority of the chancellor to act in the matter was not impaired by the transfer of the cause to this court. It is the judgment of the primary court that is affirmed. On reversal and remandment, the cause resumes its former position. If a

[Olive v. Adams.]

judgment is rendered here, it is, in contemplation of law, the judgment of the lower court. This court does not issue the process necessary for the enforcement of its own judgments, but certifies them to the courts whence the causes come for execution. The court of original jurisdiction must first be applied to, for every infraction of its authority, and the party aggrieved by its action may then come here by appeal.

The suing out of the second execution was a clear contempt of the chancery court, and properly remediable by process for the trial and punishment of the contempt. *Gates* v. *McDaniel*, 4 Stew. & Port. 69 ; *S. C.* 3 Port. 356. As, however, the supplemental bill is permissible, and the cause is here, the decree of the chancellor is reversed, and a decree will be rendered in this court, according to the prayer of the bill, on the authority of *Balkum* v. *Yonge, adm'r*, at the present term.