8715

## CAUTHEN v. LANCASTER COTTON OIL MILLS.

EVIDENCE—DAMAGES—NUISANCE—NEW TRIAL.—In an action to abate a nuisance and for damages, evidence as to damages since action brought is incompetent where the plaintiff intends to apply for abatement, but it is competent where he is seeking compensation in full for damages past and prospective.

Here a new trial is granted unless the plaintiff consents on the record to accept the verdict in full of damages past and future.

Before SEASE, J., Lancaster, October term, 1912. New trial *nisi.*

Action by Jane E. Cauthen against Lancaster Cotton Oil Co. Defendant appeals.

*Messrs. Williams & Williams, E. D. Blakeney* and *Jones & Jones,* for appellant, cite: *Jury should have been restricted to damages occurring up to commencement of action:* Harp. 276; 14 S. C. 434; 45 S. C. 677; 3 Suth. 403; 21 Ency. 730, 732. *Defendant has the right to the reasonable use of its property:* 42 S. C. 402; Woods on Nuisances, sec. 13. *Individual cannot maintain an action to abate a public nuisance:* 54 S. C. 250; 64 S. C. 130; 81 S. C. 372.

*Mr. Harry Hines,* contra, cites: *Plaintiff is entitled to recover damages to time of trial:* 81 S. C. 561. *Nuisance alleged was private:* 82 S. C. 278; 20 S. E. 285; 23 A. S. R. 677; 53 N. Y. 153; Addison on Facts, sec. 279; 77 S. C. 288; 82 S. C. 278; 61 Am. Dec. 446; 83 S. C. 292. *Plaintiff can recover for interference with reasonable enjoyment of his property:* 20 S. E. 280; 17 S. C. 416; 11 Rich. 236; 30 A. S. R. 17; 25 A. S. R. 595; 14 A. S. R. 92; 49 S. C. 95; 85 S. C. 1; 81 S. C. 554; 8 Rich. Eq. 55.

January 13, 1914. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action by plaintiff against defendant to recover damages. The plaintiff owned property on which was her dwelling house and two tenant houses, and she alleged that its desirability as a residence and home had been completely destroyed by the erection and operation of the defendant's cotton oil plant and ginnery on property near by, and her action is for the abatement of it, alleging it is a nuisance. Her action is for permanent injury and destruction of home. The cause was tried before his Honor, Judge Sease, and a jury at the October term of the Court, for Lancaster county, 1912, and at the close of plaintiff's testimony a motion for *nonsuit* was made

by the defendant, which was refused. When all the testimony was in, a motion was made to direct a verdict in favor of defendant which was refused. The jury rendered a verdict in favor of the plaintiff for $1,500. A motion for new trial was made on the minutes of the Court and subsequently refused. The case was also ordered to be placed in Calendar 2 "so that the rights of the parties may be regularly heard on the matter of the injunction herein asked for." After entry of judgment the defendant appeals and by eight exceptions alleges error on the part of his Honor.

By the first and sixth exceptions the appellant contends that the Circuit Judge erred prejudicially in permitting testimony as to the injuries accruing after the commencement of the action. The complaint was for damages for permanent injury and destruction of the property as a home, and to abate the nuisance, and for injunction, in submitting to the jury the question of damages it was prejudicial and harmful to admit testimony as to the injury sustained after the commencement of the action. After a verdict was, however, rendered in favor of the plaintiff, it would have been competent testimony in hearing the application on the equity side of the Court to abate the nuisance and for injunction. In the case at bar the plaintiff made out a case of special damages to her property that would entitle her to damages, but on the issue of damages as referred to the jury for the purpose of showing damages the testimony on this issue should have been restricted and referred to the situation of the parties at the commencement of the action. If, however, the verdict was to be a complete compensation for the property injured and in full of all damages sustained by the plaintiff, past, present, and prospective, then the admission of such testimony would not be harmless but pertinent and competent. But if the plaintiff claimed damage for injury to property and claimed it was continuous and intended after verdict to ask for an abatement of the nuisance, an order to restrain the defendant from the operation of the property,

then the evidence of damage should have been restricted to the status of affairs as far as her damages were at the commencement of the action, and after verdict in her favor could have applied to the Court for such equitable relief as she thought she was entitled to, and in order to get this she could have introduced on this hearing such further evidence as was *germane* to this issue, and show further damages since action was commenced that she had sustained or likely to suffer. The appellant's contention is supported by the cases it relies on in this brief. *Duncan* v. *Markeley,* Harper 276 ; *Moon* v. *Johnson,* 14 S. C. 434; *Bank* v. *Dowling,* 45 S. C. 677, 23 S. E. 982.

The evidence in this case does not show any exception to the general rule wherein damages are only allowed to the commencement of the action.

We do not think it necessary to take up and discuss at length the other exceptions, as in the main the Judge was correct and in his rulings and charge was free from any error, such as would warrant a reversal, and the other exceptions are overruled.

The first exception will have to be sustained and a new trial granted in view of the pleadings and testimony and amount of the verdict, but we have deemed it advisable to do what was done in the case of *Auten* v. *Catawba Power Co.,* 84 S. C. 409, 66 S. E. 180. To grant a new trial unless within twenty days after remittitur is sent down the plaintiff, or her attorneys, shall consent upon the record that the verdict rendered by the jury shall be in satisfaction of all damages, both past and future, but that if plaintiff complies with this condition the judgment be affirmed.

New trial *nisi.*