[L. A. No. 4113. In Bank.—January 15, 1918.]

## H. F. BERRY et al., Respondents, v. BANK OF BAKERSFIELD (a Corporation), Appellant.

TENDER — PLEDGE — OFFER OF PAYMENT CONDITIONED ON RETURN OF PLEDGED PROPERTY — VALIDITY OF TENDER NOT IMPAIRED.—Under sections 1498 and 1504 of the Civil Code a pledgor has a right to make his offer of payment conditional on the redelivery of pledged property.

ID.—EXTINGUISHMENT OF LIEN OF PLEDGE.—An offer of payment conditional upon a redelivery of pledged property extinguishes the lien of a pledge.

PLEDGE—EXTENT OF SECURITY—FINDINGS—APPEAL—CONCLUSIVENESS OF FINDING.—A finding of a trial court that stock pledged as security for the payment of a note was not under a subsequent agreement to be retained as security for a second note, is controlling on appeal.

ID.—BANKER'S LIEN — SCOPE AND EXTENT — LIMITATION TO SPECIFIC PLEDGED PROPERTY.—Section 3054 of the Civil Code has not extended the scope of a banker's lien as it existed before the codes, and a banker, holding securities pledged for the payment of a particular debt, has no lien upon them for the payment of other claims.

CLAIM AND DELIVERY—PLEADING—WRONGFUL DETENTION OF SHARES OF STOCK — DAMAGES FOR DETENTION — DEPRECIATION IN VALUE OF STOCK.—In an action in claim and delivery arising out of the wrongful detention of shares of corporate stock, depreciation in the value of property unlawfully detained is an element of damage naturally to be anticipated, and, therefore, is not required to be specifically pleaded but is covered by, and may be recovered under, an averment of general damage.

ID.—PLEADING AND PROOF—SUPPLEMENTAL PLEADING—DAMAGE RESULTING AFTER ACTION BEGUN.—In such an action no supplemental pleading is required to warrant the recovery of damages resulting after the commencement of the action, and it is therefore proper to show the value of the stock at the commencement of the action and its value at the time of the trial.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

J. W. Wiley, R. B. Lambert, and Wiley & Lambert, for Appellant.

E. L. Foster, Chas. A. Barnhart, and Everts & Ewing, for Respondents.

SLOSS, J.—The defendant, Bank of Bakersfield, appeals from a judgment against it, and from an order denying its motion for a new trial.

The complaint alleges that on February 1, 1911, the plaintiff, H. F. Berry, deposited with the defendant bank, as security for the payment of a fourteen thousand dollar note executed by him to the bank, a certificate for 82,144 shares of the capital stock of the Black Jack Oil Company. Said shares were held by H. F. Berry as trustee for himself and the other plaintiffs, the certificate being in the name of H. F. Berry, trustee. It is alleged, further, that the defendant was informed at the time of the transaction that the plaintiffs were the owners of the shares. On July 11, 1912, shortly before the commencement of the action, the plaintiffs tendered to the defendant the sum of $1,015.28, the balance due on the note, together with interest, and demanded the return of the stock, but the defendant refused to deliver, and still unlawfully withholds and detains the same. The complaint contains an allegation that the value of the property is $82,144 (i. e., one dollar per share), and that plaintiffs have been damaged by the withholding and detention of the property in the sum of ten thousand dollars. The complaint prays for the recovery of the possession of the property, or its value in case delivery cannot be had, and for ten thousand dollars damages, and costs.

By its answer the defendant denied certain allegations of the complaint, and pleaded affirmatively that on March 20, 1912, the plaintiffs, H. F. Berry and F. O. Brock, executed to the defendant their promissory note for $3,810, and that at the same time the plaintiff, H. F. Berry, pledged the shares of stock here involved to the defendant, as security for such note, upon which $2,310 is still due.

At the trial it was stipulated that transfers of their interests had been made by certain of the plaintiffs, and appropriate substitutions were made. The court found, in accordance with the allegations of the complaint, that when

H. F. Berry made the fourteen thousand dollar note and deposited the stock as security therefor, the defendant bank was informed that the plaintiffs were the owners of said stock. It found further, that said plaintiffs were, in fact, the owners of such stock; that the tender and demand were made, as alleged by the plaintiffs; that H. F. Berry did not pledge the stock to the defendant as security for the $3,810 note described in the answer; and that said shares were not held by the defendant as security for this note. It is further found that the value of the stock at the time of the commencement of the action was fifty cents per share, but that pending the action, such value had decreased, until at the time of the trial the stock was worth no more than ten cents per share. Plaintiff H. F. Berry, finds the court, was damaged by the withholding of the property in the sum of $10,952.40, the difference between the value of the shares at the time of the commencement of the action and at the time of the trial, less $1,015.28, the balance due on the promissory note, or a net damage of $9,937.12. The further findings are not, we think, material to the points calling for decision on this appeal. Judgment was given that the plaintiffs recover from the defendant the certificate for 82,144 shares, and, in case delivery cannot be made, that they recover $8,214.40, the value thereof; and that plaintiff Berry recover from the defendant the sum of $9,937.12 damages.

If the pledged property was held by the bank as security for the payment of the first note only, the plaintiffs unquestionably were entitled to a return of their property upon the tender of the balance due upon such note. The validity of the tender was not impaired by the fact that it was coupled with a demand for the return of the property. The pledgor had a right to make his offer of payment conditional upon a redelivery of the property pledged, and such offer extinguished the lien of the pledgee. (Civ. Code, secs. 1498, 1504; *Loughborough* v. *McNevin,* 74 Cal. 250, 253, [5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773] ; *Haile* v. *Smith,* 113 Cal. 656, 662, [45 Pac. 872] ; *Wolff* v. *Canadian Pac. Ry. Co.,* 123 Cal. 535, 543, [56 Pac. 453].)

The appellant, however, attacks the findings which declare that it had no right to hold the certificate except as security for the fourteen thousand dollar note. It claims a right to retain the property as security for the note of March 20, 1912,

for $3,810, *first,* because of an alleged agreement with H. F. Berry, one of the pledgors, that the property should be so held, and *second,* by virtue of a banker's lien.   On the question of the alleged agreement with H. F. Berry, there was a specific finding against the defendant.   The contention that this finding is against the evidence cannot be upheld.   It is true that S. L. Mack, cashier of the Bank of Bakersfield, testified directly that at the time the second note was made, it was agreed between him and H. F. Berry that the stock should be retained by the bank as security for the new loan.   But Berry testified to the contrary.   The appellant seeks to interpret Berry's testimony as constituting a virtual admission that the fact was as stated by Mack.   But this is not the necessary purport of Berry's version of the interview. What he said may fairly be interpreted as amounting to a positive denial of any agreement to make the stock security for the new loan.   This was the view taken by the trial court, and we must accept its conclusion as a finding on conflicting evidence, controlling in an appellate court.

If, under the contract of the parties, the certificate was pledged as security, simply, for the fourteen thousand dollar note, the defendant was not entitled to hold it, under its alleged banker's lien, to secure another obligation.   The banker's lien referred to in section 3054 of the Civil Code, was familiar, as a part of the law, long before the enactment of the codes. Section 3054 does not extend its scope.   It has always been the rule that a banker holding securities pledged for the payment of a particular debt has no lien upon them for the payment of other claims.   (1 Jones on Liens, 3d ed., sec. 251; 1 Morse on Banks and Banking, sec. 325; *Bell* v. *Bank of California,* 153 Cal. 234, 238, [94 Pac. 889]; *Smith* v. *Hall,* 67 N. Y. 48; *Masonic Savings Bank* v. *Bangs' Admr.,* 84 Ky. 135, [4 Am. St. Rep. 197]; *Armstrong* v. *Chemical Nat. Bk.,* 41 Fed. 234, [6 L. R. A. 226].)

The action was one for the recovery of specific personal property, the code equivalent of the common-law writ of replevin.   Section 667 of the Code of Civil Procedure provides that in such an action judgment for the plaintiff "may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention."   This was the relief sought by the complaint, and granted by the judgment.   The court found that the value of the property at

CLXXVII Cal.—14

the time of the trial was ten cents per share, and the judgment provided for the return of the certificate to the plaintiffs, or, in case delivery could not be had, for the sum of $8,214.40, being the value of the shares at the rate of ten cents each. The further provision of the judgment that the plaintiff H. F. Berry recover $9,937.12 damages gave to said plaintiff "damages for the detention," as provided in section 667. This part of the recovery was based upon the findings of the court that H. F. Berry was the owner of 27,381 of the shares described in the certificate, and that he had been damaged by the withholding of the certificate in a sum measured by the depreciation in the value of the stock (forty cents per share) between the commencement of the action and the date of trial. The appellant contends that such depreciation constitutes special damage, which cannot be recovered unless specifically pleaded. But we cannot give our assent to this claim. Special damages, which must be pleaded, are such as do not ordinarily arise from the breach complained of, but depend upon the peculiar circumstances of the case. In *Stevenson* v. *Smith*, 28 Cal. 103, [87 Am. Dec. 107], the plaintiff in an action for the recovery of a mare and colt sought, under a general allegation of damage, to recover for the loss arising from the act of the defendants in giving the animals poor pasturage, and the further circumstance that the mare was a brood mare, and that, by the detention, the breeding season was lost. It was very properly held that the first of these items did not result from the detention itself, but from the improper conduct of the defendants in keeping the animals, while the second item depended upon the extraordinary value of the animal for a particular purpose. These items, therefore, were not embraced within an allegation of general damage. But the situation here is very different. The depreciation in the value of property unlawfully detained by a defendant is an element of damage naturally to be anticipated, and therefore covered by an averment of general damage. (Wells on Replevin, 2d ed., sec. 535; *Clow* v. *Yount*, 93 Ill. App. 112; 34 Cyc. 1564, n. 49.) It has so been held in this state with respect to an automobile (*Morris* v. *Allen*, 17 Cal. App. 684, [121 Pac. 690]), and there is no reason for applying a different rule to the case of oil stocks, which are in their nature fluctuating and uncertain in value.

No supplemental pleading was required to warrant the recovery of damages resulting after the commencement of the action. (Civ. Code, sec. 3283; *McLennan* v. *Ohmen,* 75 Cal. 558, [17 Pac. 687] ; *Hicks* v. *Drew,* 117 Cal. 305, [49 Pac. 189].) It was, therefore, proper to show the value of the stock at or about the time of the commencement of the action, and its value at the time of the trial. The testimony on these points was sufficient to sustain the court's findings.

What we have said sufficiently covers the material points raised.

The judgment and the order appealed from are affirmed.

Shaw, J., Melvin, J., Victor E. Shaw, J., *pro tem.,* and Angellotti, C. J., concurred.