CITY OF JAMESTOWN, Appellant, *v.* MARY P. AIKEN, Respondent.

Fourth Department, November 26, 1924.

**Pleadings — supplemental complaint — action by city to enjoin erection of store building in residential section — charter was repealed pending action and new charter enacted — error to impose as condition to service of supplemental complaint that new charter shall not be considered as validating zoning ordinances — condition cannot be sustained under Rules of Civil Practice, rule 4, by oral stipulation.**

In an action by the city of Jamestown to restrain the defendant from erecting a store building within a residential district, as defined by zoning ordinances, it was error for the court, in granting plaintiff's motion to serve a supplemental complaint setting forth the repeal of the charter of the city of Jamestown which was in existence at the time the action was commenced and the enactment of

a new charter, to impose as a condition, against the plaintiff's objection, that the ratification and continuance of the ordinances of the city of Jamestown by the new charter shall not be deemed upon the trial of the action as validating the ordinances on which this action is based, and that notwithstanding the new charter, defendant shall be permitted to submit any proof against the validity of said ordinances which she would have been permitted to offer if a new charter had not been enacted. The conditions imposed are unreasonable and unnecessary to protect the interests of the defendant, since they limit the plaintiff to a litigation upon a basis which may have been wholly removed by legislative action.

The condition cannot, under rule 4 of the Rules of Civil Practice, be sustained by reason of a prior oral stipulation between the attorneys.

APPEAL by the plaintiff, City of Jamestown, from part of an order of the Supreme Court, made at the Chautauqua Special Term and entered in the office of the clerk of the county of Chautauqua on the 7th day of March, 1924.

*Ernest Cawcroft,* for the appellant.

*Mott & Ottaway* [*Lee L. Ottaway* of counsel], for the respondent.

SEARS, J.:

The plaintiff, the City of Jamestown, seeks in this action to enjoin the defendant from erecting and completing a store building within a residential district as defined by certain so-called zoning ordinances of the city. The action was begun in May, 1922. In 1923, while the action was pending and at issue, the charter of the city was repealed by the Legislature of the State, and a new charter enacted. Upon the plaintiff's motion an order has been granted permitting the plaintiff to file and serve an " amended and supplemental " complaint setting forth the enactment of the charter of the city of Jamestown of 1923, but the order was granted upon certain terms and conditions, the first paragraph of which is as follows:

" On motion of the defendant and against the objection of the plaintiff, the following terms and conditions are hereby imposed upon the plaintiff herein as the condition for the granting of this order, to wit: the ratification and continuance of the ordinances of the City of Jamestown by the passage of the City Charter of 1923 shall not upon the trial of this action or elsewhere in the determination of this controversy be deemed as a validation of those ordinances by legislative action, and the defendant shall be permitted to submit upon the trial of this action any proof against the validity of said ordinances, which defendant would otherwise have been permitted to submit or offer notwithstanding the passage of that charter."

The plaintiff has appealed from that part of the order which contains the quoted language.

The plaintiff was clearly entitled to the order allowing the

service of a supplemental complaint alleging the enactment of the new city charter. (Civ. Prac. Act, § 245; *Bell Telephone Co.* v. *Home Telephone Co.,* 52 App. Div. 13; *Prouty* v. *L. S. & M. S. R. R. Co.,* 85 N. Y. 272.)

The court in granting the permission to serve the supplemental complaint could impose reasonable terms to protect the interests of the defendant. (*Halfmoon Bridge Co.* v. *Canal Board,* 213 N. Y. 160.) The conditions here imposed, however, apparently go far beyond such protection. They limit the plaintiff to a litigation upon a basis which may have been wholly removed by legislative action. If we assume the zoning ordinances to have been validated by the legislation embodying the new charter, it would be useless to devote the time of the court to the determination of rights as they existed before validation. The action is of an equitable character and the issues are to be determined on the basis of the situation as it exists at the time of the trial, not at the time of the beginning of the action. (*Lightfoot* v. *Davis,* 198 N. Y. 261; *Bloomquist* v. *Farson,* 222 id. 375.) What the law was when the summons was served might have some bearing on the award of costs to be made, but costs in equity actions are in the discretion of the court. (Civ. Prac. Act, § 1477.) If on the other hand we assume that the zoning ordinances are unaffected by the enactment of the new charter, the condition imposed is unnecessary and futile and may be eliminated without injury to either litigant. In either case, such a condition should not have been included in the order.

We are not now called upon to determine the effect of the legislation. That is a matter for consideration at the trial. (*Bell Telephone Co.* v. *Home Telephone Co., supra; Brewster* v. *Brewster Co.,* 138 App. Div. 139.)

The imposition of the quoted condition cannot be sustained by reason of a prior oral stipulation between attorneys not made in open court. (Rules Civ. Prac. rule 4.)

The stipulation, too, was to proceed with the case upon a non-existent state of the law which would render the litigation wholly academic and should not be enforced.

The order should be modified by striking out the paragraph above quoted and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

HUBBS, P. J., CLARK, DAVIS and TAYLOR, JJ., concur.

Order modified by striking out the 1st paragraph of the condition, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.