[Civ. No. 4700. Second Appellate District, Division Two.—February 8, 1928.]

C. R. COLLINS, Respondent, v. GEORGE H. SARGENT et al., Defendants; H. G. BAILEY et al., Appellants.

Walters & Mauk for Appellants.

Dorland & Sewell and H. F. Sewell for Respondent.

HAZLETT, J., *pro tem.*—This is an action for injunction to restrain defendants (appellants) from using explosives and blasting in a gravel-pit adjacent to plaintiff's home. The record does not show that any temporary restraining order was issued. On the trial plaintiff was given judgment perpetually restraining defendants from using explosives in or about the gravel-pit, and defendants appeal.

The issues were joined by plaintiff's amended complaint, and defendants' answer thereto filed April 20, 1923. As affirmative matters of defense defendants allege: That since September 28, 1922, defendant Bailey held the gravel-pit under a contract of purchase, and had possession and control of it ever since; that about that date he leased the pit to defendant Cauldwell, and, *that ever since,* defendants Cauldwell and Horton have operated the pit, and still are operating it and removing gravel therefrom; that for more than twenty years last past the gravel-pit has been continuously operated and powder exploded in it; that the dwelling-houses now in the vicinity were erected within the last three years and with the knowledge on the part of the owners and builders of the location and operation of the gravel-pit; and that plaintiff's lot was an old arroyo filled with cans and rubbish, that his house is on filled ground, and that whatever damage has been suffered to the house was the result of the settling of its insecure foundation and not because of any blasting or explosions by defendants. Defendants Bailey and Sargent filed so-called disclaimers.

There was little dispute in the testimony in relation to the principal matters at issue. The allegations of the amended complaint are supported by very substantial proof. In fact, the testimony given by defendants Cauldwell and Bailey admits almost daily use of explosives within three hundred feet of plaintiff's home, as alleged by plaintiff, except for a period between the forepart of July and the latter part of October, 1923, but they deny any detriment or damage resulting to plaintiff, his home, or his family, and deny that the persons or lives of plaintiff's family have been or are endangered.

The testimony also shows that the territory in the vicinity was open land until the year 1920, when it was rather closely built up and occupied for residential purposes; that the gravel-pit had been operated to some extent since 1892; that plaintiff bought his lot and built his house in 1920, and that the gravel-pit complained of was not then being operated; that defendant Bailey bought the gravel-pit in September, 1922, and had control of it until August 21, 1923, when he sold it; that defendant Cauldwell leased the pit from him and that a Mr. Keene had the right to operate in the pit and did operate in that part of the pit more distant from plaintiff's home and used explosives; that the explosions caused by defendant Cauldwell, and by defendants Cauldwell and Horton, as copartners, before the action was commenced, occurred nearly every day and sometimes three or more in a day; that the blasts jerked and shook plaintiff's house, made the windows rattle, and cracks appeared in the house; and that in the fall of 1922 a severe blast occurred, which threw gravel and rocks, varying in size from very small to the size of an egg, into plaintiff's yard, where his children were playing, one of which rocks was embedded in a floor on plaintiff's premises.

The testimony also shows that after this action was commenced, the explosions caused by defendants Cauldwell and Horton continued as before; that rock was thrown on plaintiff's property in the latter part of May and the forepart of June, 1923, and that two very severe explosions occurred, one on June 21, 1923, and another a short time thereafter, each of which threw gravel and rocks upon plaintiff's property and other home properties in the vicinity, one breaking the glass in the bathroom of plaintiff's house, throwing gravel and rocks into the bathroom, breaking a hole in the wall of the house the size of two fists, and loosening beams of his pergola, knocking one beam to the ground; that heavy explosions were of common occurrence; and that defendants Cauldwell and Horton, with an intermission in the summer of 1923, continued the explosions up to the time of trial.

The admissions in the answer and the testimony satisfactorily show that the right of plaintiff to the quiet enjoyment of his home was invaded by defendants Bailey, Cauldwell, and Horton, and that the use of explosives in the gravel-pit by defendants Cauldwell and Horton was with

the knowledge and consent of defendant Bailey, very seriously endangered the lives of plaintiff's children at his home, and resulted in injury to his house, and that those defendants threatened to and did continue the acts complained of.

As one ground of their appeal, defendants complain that the trial court erred in admitting, over their objections, testimony in relation to explosions and the results of explosions occurring after the complaint and the amended complaint were filed, no supplemental complaint having been filed.

Section 464 of the Code of Civil Procedure provides that: "The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint or answer, alleging facts material to the case occurring after the former complaint or answer."

The office of a supplemental complaint is to bring to the notice of the court and the opposite party matters which occurred after the commencement of the action and which do or may affect the rights asserted and the rule asked in the action originally instituted. (*Conlin* v. *Southern Pac. R. Co.*, 40 Cal. App. 733, 741 [182 Pac. 67]; *California etc. Co.* v. *Schiappa-Pietra*, 151 Cal. 742 [91 Pac. 593].) Generally, the rights are to be determined as they were at the commencement of an action, unless some event happens subsequently which affects the matters in issue, such as a change of the title to the property involved in the litigation after the action was commenced, and the court cannot consider such subsequent matter unless it is presented by a supplemental pleading. (*Metropolis etc. Sav. Bank* v. *Barnet*, 165 Cal. 449, 453 [132 Pac. 833].) Such facts, which change the liabilities of the defendants and the character of the relief sought, cannot be presented by an amendment to the complaint (*Van Maren* v. *Johnson*, 15 Cal. 308, 311, 312).

The general rule, to which there are exceptions, is that in actions at law the right to judgment depends upon the facts as they exist at the commencement of the action, but such is not the rule in equity. The relief administered in equity is such as the nature of the case, and the facts as they exist at the close of the litigation, demand; and supplemental complaints are not required in actions in equity in

order to bring before the court those facts and circumstances occurring since the filing of the original complaint, which bear as evidence upon the facts in issue in the original cause. It would be surplusage if they were set up in a supplemental pleading, and equity does not require a useless thing. (*Pennsylvania Co.* v. *Bond,* 99 Ill. App. 535, 544, affirmed, see 202 Ill. 95 [66 N. E. 941].)

In actions at law for damages, the rule is definitely established that proof of actual damages may extend to all facts which occur and grow out of the injury after the commencement of the action and up to the day of the trial, and supplemental complaint is not necessary to permit evidence thereof to be received. Section 3283 of the Civil Code provides that: "Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future." Therefore, our courts have uniformly held that no supplemental complaint is necessary in order that evidence may be received showing damages resulting after the complaint was filed, germane to the issue of damage. (*Berry* v. *Bank of Bakersfield,* 177 Cal. 206, 210, 211 [170 Pac. 415], and cases therein cited; *Saylor* v. *Taylor,* 42 Cal. App. 474, 477 [183 Pac. 843].) The same principles are announced in actions for injunction and damages. (See *Robinson* v. *Smith,* 7 N. Y. Supp. 38, 42; *Barrick* v. *Schifferdecker,* 1 N. Y. Supp. 21; *Cauthen* v. *Lancaster Cotton Oil Co.,* 96 S. C. 342 [80 S. E. 615, 616], and cases therein cited.)

In an action for injunction, where the defendant, by his own acts committed subsequently to the commencement of the action, entitled plaintiff to different or additional relief, related however to the subject of the action, it was held proper to allow plaintiff to plead those acts by supplemental complaint. (*Jacob* v. *Lorenz,* 98 Cal. 332 [33 Pac. 119].)

In an action for injunctive relief and as an incident thereto for damages suffered, defendant voluntarily abated the nuisance complained of subsequently to the commencement of the action. The court held that the action is still for injunction, although the writ is not necessary and is denied, and that the judgment may go for damages and costs. (*McCarthy* v. *Gaston Ridge Mill etc. Co.,* 144 Cal. 542, 547 [78 Pac. 7].) In that action defendant pleaded by

supplemental answer that he had voluntarily abated the nuisance.

In an action for injunction the issues are to be determined on the basis of the situation as it exists at the time of the trial, not at the time of bringing the action (*City of Jamestown* v. *Aiken*, 211 App. Div. 577 [206 N. Y. Supp. 681]); and "Equity will administer such relief as the exigencies of the case demand *at the close of the trial.*" (*Bloomington* v. *Farson*, 222 N. Y. 375 [118 N. E. 855, 856].)

Justice Story in *Jenkins* v. *Eldredge*, 3 Story, 299 [13 Fed. Cas. 508, 509, No. 7, 267], said: "New evidence upon which a supplemental bill should be allowed to be filed, should not be of a mere cumulative or corroborative nature. . . . New oral evidence merely corroborative or cumulative, is not a sufficient foundation for a supplemental bill." To the same effect, see *Ledwith* v. *Jacksonville*, 32 Fla. 1 [13 South. 454, 458], and *Barriclo* v. *Trenton Life etc. Co.*, 13 N. J. Eq., 154.

In the action of *Hayden* v. *Albee*, 20 Minn. (Gil.) 143, 147, 159, for injunction to restrain the maintenance of a dam which caused plaintiff's land to be flooded, plaintiff was permitted to show, without supplemental complaint, that the dam was raised after the action was commenced, and the court held that "this was entirely proper with reference to the prayer for the abatement of the dam, for the purpose of showing that the nuisance complained of still continued to exist to plaintiff's prejudice."

In the action of *Gavigan* v. *Atlantic Refining Co.*, 186 Pa. 604 [40 Atl. 834], for damages, it appeared that the defendant permitted noxious odors from gasoline and oils to go from its tanks and carbon oil to percolate through the ground, to plaintiff's property. The court held that evidence of matters transpiring after the suit was brought was proper, not as ground of recovery, but to show the character of the nuisance, which was precisely the same as it was before the action was brought.

It was held in the case of *Waterman* v. *Buck*, 63 Vt. 544 [22 Atl. 15], for injunction and damages, that by reason of the continuous depositing of sawdust in a river to the injury of plaintiff's meadow, plaintiff might show the continued depositing of the sawdust after the action was com-

menced, without filing a supplemental bill, as the whole matter was covered by the original bill, and that the scope of the preventive measures under the bill included the subsequent continuance of the nuisance. See, also, *Balkum* v. *Harper's Admr.*, 50 Ala. 372.

■ The proof of the acts of defendants in using explosives in the gravel-pit and of the results of those acts, occurring after the complaint and amended complaint were filed, was merely cumulative and corroborative of the allegations of the amended complaint. Therefore, the trial court committed no error in admitting the testimony showing those subsequent acts and their results.

■ Defendants assert that because the gravel-pit had been operated and explosives used therein since 1892, a prescriptive right was created authorizing them to continue using the explosives.

The proof showed that prior to the operations in the gravel-pit by defendants in 1922, explosives had been used in operating it, but there was no showing that before defendants commenced their operations the use of explosives caused gravel or rock to be thrown upon the adjacent lands. Those lands were subdivided and laid out into residence lots in 1919, and residences, including plaintiff's residence, were built in 1920 and were thereafter occupied. It appears that beginning in 1922 the use of explosives by defendants was and continued to be a menace to plaintiff and his family and property both before and after this action was commenced. Defendants did not heed the complaints and warning given them in plaintiff's pleadings herein, but, disregarding them, defendants continued their use of explosives and caused the greater damage to plaintiff's property and the greater menace to the persons and lives of plaintiff's family some months after this action was commenced. They had ample opportunity to show whether they could make proper use of the explosives and were found wanting, therefore, they are in no position to complain, because they were enjoined from using explosives in the gravel-pit.

■ No easement or prescriptive right to maintain a private nuisance may be obtained unless the use continues uninterruptedly for five years under a claim of right and the owner has knowledge of such use and consents to it.

Such consent, however, need not be express, but may be presumed by reason of open, notorious, and adverse use. (*Grigsby* v. *Clear Lake Water Co.*, 40 Cal. 396, 406; *Galbreath* v. *Hopkins*, 159 Cal. 297, 304 [113 Pac. 174]; *Silva* v. *Hawn*, 10 Cal. App. 544, 551 [102 Pac. 952].) ■ The statute of limitations in favor of the use does not commence to run until actual injury has been occasioned to the adjoining proprietor (*Galbreath* v. *Hopkins*, p. 304, *supra*).

This division of the district court of appeal recently announced in the case of *Williams* v. *Blue Bird Laundry Co.*, 85 Cal. App. 388 [259 Pac. 484], petition for rehearing in the supreme court denied, that "It has been repeatedly held that in suits for injunction by a private person to enjoin an offense amounting to a public nuisance, no lapse of time will justify the special injury"; and that "while laches or the statute of limitations may in proper cases be pleaded in bar of the original act, which created the condition sought to be enjoined, neither one is a ground of defense to a continuing nuisance, since the character of such offense gives rise to successive rights of action." These rules have direct application to the case at bar.

■ There is no evidence which tends to support defendants' contention that a prescriptive right was created to use explosives. The evidence fails to show that the owner of the adjacent lands upon which plaintiff's home is situated knew of the use of the explosives prior to 1920 or that the owner ever consented to such use. No prescriptive or adverse right to use explosives in the gravel-pit was shown.

■ Defendants contend that the testimony shows that one Keene, who also had a lease on the pit, operated there during the time when the explosions occurred of which plaintiff complains, and, inferentially, that he and not defendants may have caused the explosions.

Mr. Keene testified for defendants that during that time he had a verbal lease on the pit authorizing him to operate anywhere in it, that he then operated in the front part of the pit which was more distant from plaintiff's home, and Mr. Cauldwell in the back part, closer to plaintiff's home and that Mr. Cauldwell was operating there then; that he (Keene) did not operate in the back part during that time; that the two parts were separated by an embankment; that

he fired about four shots in the back part in June or July, 1923; and that sometimes the blasts threw gravel and rock all over the pit and no man could tell what the blasts would do.

Defendant Cauldwell testified that he operated in the portion of the pit nearer plaintiff's home from some time in September, 1922, to the time of trial, except that he did not operate there between the forepart of June and some time in October, 1923, but later in his examination he said he shot there in July, 1923. This testimony by Keene and Cauldwell apparently is an attempt to becloud the issue as to the responsibility of defendants for the two heavy explosions which occurred, one on June 21, 1923, and the other a short time thereafter.

In their answer to the amended complaint defendants allege that ever since September 28, 1922, defendants Cauldwell and Horton "have been and now are operating said gravel pit and removing gravel therefrom." They did not allege that Keene had a lease on the gravel-pit or any right to operate in it or that he did operate in the pit. In the light of the evidence narrated in the beginning of this opinion the admissions of the defendants, and the character of the testimony of Keene and Cauldwell above recited, it appears that the responsibility for the explosions complained of is upon the defendants who are the appellants herein. Therefore, their contention that the court should have found that Keene or someone else, not the defendants, caused the explosions complained of has no satisfactory support, and the findings of the trial court in relation to the operations by those defendants are sustained by the evidence.

██ Defendants contend that the court erred in sustaining plaintiff's objections to offered testimony of Keene and defendant Bailey in relation to the operations by Keene in the gravel-pit and in relation to the terms of the lease to Keene.

When Keene was first interrogated in relation to the extent of his operations subsequent to August, 1922, the court sustained an objection to the question, but immediately afterward reversed his ruling and permitted him to testify fully in the matter. His testimony in substance is as above recited.

Upon plaintiff's objections the court refused to permit Keene and Bailey to testify as to the terms of the lease to Keene, except to the effect that the right of defendants Cauldwell and Horton to take out gravel was subject to the rights of Keene under his lease. The ground stated by the court for the refusal was that Keene was not a party to the case, and the terms of his lease were not in issue and were immaterial. This ruling was correct.

Defendants complain that the court erred in refusing to permit them to show that plaintiff's house was built on filled ground and that the cracks which damaged the house were the result of settling of its insecure foundation. The trial court ruled correctly in that regard. If plaintiff had sought redress in damages, defendants' position might have been well taken, but the only relief prayed for by plaintiff is a judgment restraining defendants' unlawful acts. Plaintiff was entitled to injunctive relief without evidence showing the appearance of the cracks, and the trial court so found.

Defendants complain that certain of the other findings of facts are not supported by the evidence. Those findings, in effect, cover and find the facts to which they relate as alleged and admitted by the pleadings and as shown by the evidence, recitals of the substance of which evidence are hereinbefore set out. Each of those findings has substantial support either by the admissions in the pleadings or by the proof or by both. In fact, matters admitted in the pleadings need not have been found upon. Therefore it is unnecessary for us to recite those findings and the facts supporting them.

Defendant Bailey contends that no judgment should have been entered against him herein for the reason that he filed a disclaimer.

His alleged disclaimer was filed before the answer to the amended complaint was filed. In that answer, which was joined in by all the defendants, it is alleged that ever since September 28, 1922, he was and "is now in the possession of and control of" the gravel-pit, and the nuisance continued after he filed his alleged disclaimer.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.